# ABRAHAM LIPCHICK v. JOHN RYAN.[1]

June 21, 1918.

No. 20,871.

**New trial — error in charge to jury — negligence.**

Action for injury caused by negligent driving of an automobile.    The court charged the jury that plaintiff was entitled to a verdict if it found defendant was negligent in driving on the wrong side of the street, at a high rate of speed and without giving warning.    The attention of the court was called to the error in making the verdict depend on the existence of all three, but the court did not modify its language.    Error *held* prejudicial and a new trial was granted.    [Reporter.]

[1]Reported in 168 N. W. 49.

Action in the district court for Hennepin county to recover $10,000 for injuries caused by being struck by defendant's automobile. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Steele, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*George B. Leonard* and *M. Rose*, for appellant.

*Grotte & Hughes*, for respondent.

PER CURIAM.

As plaintiff, in the early evening of July 2, 1916, was crossing Washington avenue north on the southerly cross-walk of Sixth avenue north, Minneapolis, he was struck down by an automobile owned by defendant and which he was at the time driving north on Washington avenue. This action was brought to recover damages for the injuries sustained in the accident, plaintiff alleging that defendant was negligent in that he was driving on the left side of the street, at a high rate of speed, and without giving warning. There was evidence tending to prove each of these charges of negligence, and evidence tending to show that defendant was not to blame. The evidence would have supported a verdict for plaintiff. The jury found for the defendant. Plaintiff moved for a new trial, the chief grounds alleged being errors in the charge to the jury. The motion was denied and this appeal taken from the order.

As already stated, there was evidence sufficient to compel submitting the case to the jury on each one of the three charges of negligence, excessive speed, failure to warn, driving on the wrong side of the street. In submitting these questions to the jury the trial court used language which might well be understood by the jury as authorizing a verdict for plaintiff only if it was found that defendant was negligent in all three of the respects mentioned. Of course this was error, and probably an inadvertence. Counsel for defendant attempts to read the language used so it will not convey this meaning, but the task is too difficult. The claim that the attention of the court was not at the time called to the language used is not sustained by the record. Counsel for plaintiff clearly pointed out the vice in the instruction and requested a correct one, but the court did not act. The error was clearly prejudicial to plaintiff, and requires a new trial. The charge is justly criticised in other respects, but we deem it unnecessary to point out its deficiencies.

Order reversed and new trial granted.